**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ROBERT EARL GUYSE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:26-cv-02613-SHM-tmp |
| | ) | |
| SHELBY COUNTY SHERIFF'S OFFICE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DIRECTING CLERK TO MODIFY THE DOCKET, DISMISSING THE COMPLAINT (ECF NO. 1) WITH PREJUDICE, DENYING ALL PENDING MOTIONS (ECF NOS. 8-10 & 13), DENYING LEAVE TO AMEND, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL, NOTIFYING GUYSE OF THE COURT'S STRIKE RECOMMENDATION PURSUANT TO 28 U.S.C. § 1915(g), AND CLOSING THE CASE**

On May 29, 2026, Plaintiff Robert Earl Guyse filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis* (ECF Nos. 1 & 2). When Guyse filed the complaint, he was confined at the West Tennessee State Penitentiary ("WTSP"), in Henning, Tennessee and was assigned Tennessee Department of Correction prisoner identification number 00354181. (ECF No. 1 at PageID 2; ECF No. 1-1 at PageID 4.) The Court granted leave to proceed *in forma pauperis* and assessed the $350.00 civil filing fee in accordance with the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). (ECF No. 11.) On October 2, 2026, Guyse notified the Clerk of Court that Guyse "was transferred back to [the Shelby County Jail ("SCJ")] [at] 201 Poplar [Avenue] [in] [Memphis, Tennessee]." (ECF No. 14 at PageID 44.) The events alleged in the complaint occurred during

one of Guyse's confinements at the SCJ. (ECF No. 1 at PageID 2 (alleging that "[i]t happened at 201 [Poplar Avenue][,] not here [at the WTSP]").)

Guyse alleges in the complaint that "the [SCJ] staff left the[i]r[] posts early [on] June 1, 2025[,] leaving no one to watch the cameras, leaving no security in place where the cameras were covered up[,] [and] letting me get attacked and stabbed 10 times in a period of over an hour." (ECF No. 1 at PageID 2.) Guyse alleges that "I rece[i]ved scars all over and spent 5 days in [the] E.R.[,] having to suffer with every breath I took [un]til[] they could get my lung reinflated." (*Id.*) Guyse alleges that "[t]he jail and staff due to negligence left me to suffer[,] violating my rights to [a] safe environment." (*Id.*) Guyse sues: (1) the Shelby County Sheriff's Office (the "SCSO"); and (2) the Shelby County Jail. (*Id.* at PageID 1-2.) Guyse seeks four million dollars ($4,000,000.00) "for sever[e] physical injur[ie]s suffered and lifelong scars and mental scars as well." (*Id.* at PageID 3.)

The Clerk **SHALL MODIFY** the docket to add the Shelby County Jail, in Memphis Tennessee, as a Defendant.

After filing the complaint, Guyse filed four motions: (1) a motion for preliminary injunction (ECF No. 8); (2) a motion for expedited discovery (ECF No. 9); (3) a motion for early mediation (ECF No. 10); and (4) a motion to introduce evidence (ECF No. 13) (collectively, the "Pending Motions").

The complaint and the Pending Motions are before the Court.

For the reasons explained below: (1) the complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**; (2) leave to amend is **DENIED**; and (3) the Pending Motions (ECF Nos. 8-10 & 13) are **DENIED** as moot.

## I. SCREENING THE COMPLAINT

A. **LEGAL STANDARD**

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rules of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and Rule 8 requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*,

891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

### B. REQUIREMENTS TO STATE A CLAIM UNDER § 1983

Guyse sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## II. ANALYSIS OF THE COMPLAINT

Guyse names the SCSO and the SCJ as Defendants. (ECF No. 1 at PageID 1-2.)

To state a claim under § 1983, the plaintiff . . . must show that the alleged violation was committed by a person acting under color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (internal quotation marks and citation omitted). The SCSO and the SCJ are neither a "person" under § 1983 nor an entity capable of being sued under § 1983. *See Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Eldridge v. Tackett*, No. 21-5396, 2021 WL 8155163, at *2 (6th Cir. Sept. 7, 2021) (stating that jails "are not subject to suit under § 1983"); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (recognizing that a police department is not an entity capable of being sued under § 1983); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (stating that a sheriff's department "is not a legal entity subject to suit" under § 1983).

Guyse's claims against the SCSO and the SCJ are **DISMISSED WITH PREJUDICE** for failure to state a claim as a matter of law.

## III. AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (*per curiam*) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court **DENIES** leave to amend. Guyse cannot cure the deficiencies in his complaint because he has not sued a state actor.[1]

---

[1] To the extent Guyse alleges a claim of negligence against the Defendants, the Court's conclusion remains the same about Guyse's failure to state a claim as a matter of law. Negligent conduct is not actionable under § 1983 because negligence does not rise to the level of a constitutional deprivation. *See Lewellen v. Metro. Gov't of Nashville and Davidson Cnty.*, 34 F.3d 345, 348-49 (6th Cir. 1994) ("[I]t is now firmly settled that injury caused

## IV. NOTICE OF STRIKE RECOMMENDATION

The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). The Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g). *See Simons v. Washington*, 996 F.3d 350 (6th Cir. 2021).

## V. APPELLATE ISSUES

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is **CERTIFIED** that any appeal in this matter by Guyse would not be taken in good faith. Leave to proceed *in forma pauperis* on appeal is **DENIED**. If Guyse nevertheless chooses to file a notice of appeal, he must either: (1) pay the entire $605.00 appellate filing fee or, if he is confined at that time, (2) submit a new *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months, in compliance with § 1915(a)-(b).

## VI. CONCLUSION

For the reasons explained above:

A. Guyse's complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** in its entirety for failure to state a claim as a matter of law. *See* §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

B. Leave to amend is **DENIED**.

---

by negligence does not constitute a 'deprivation' of any constitutionally protected interest") (internal citation omitted). Guyse's claim of negligence (ECF No. 1 at PageID 2) does not allege deprivation of a constitutional right.

C. The Court recommends that this dismissal be treated as a strike pursuant to § 1915(g). *See Simons*, 996 F.3d 350.

D. The Pending Motions (ECF Nos. 8-10 & 13) are **DENIED** as moot.

E. The Court **CERTIFIES** that an appeal would not be taken in good faith and **DENIES** leave to proceed *in forma pauperis* on appeal.

F. This case is **DISMISSED** in its entirety.

**IT IS SO ORDERED**, this 29th day of October, 2026.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE